UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

BERNARD KIRK BARNES, )
 )
　　Plaintiff, )
 )
v. ) No. 1:22-cv-00128-JAR
 )
JOSHUA WINSON, et al., )
 )
　　Defendants. )

## MEMORANDUM AND ORDER

This matter comes before the Court on defendants' motion to quash service (Docket No. 4), motion to dismiss (Docket No. 5), and motion to consolidate (Docket No. 8). For the reasons discussed below, the Court will grant defendants' motion to consolidate, and consolidate *Barnes v. Watson*, No. 1:22-cv-129-SRC (E.D. Mo.) with the instant case, which has the lower case number. Furthermore, the Court will deny defendants' motion to quash service and motion to dismiss as moot, and order plaintiff to file an amended complaint on a Court-provided form.

### Background

Plaintiff Bernard Kirk Barnes is a self-represented litigant who is currently incarcerated at the Dunklin County Justice Center in Kennett, Missouri. On July 15, 2022, he filed a civil action in the Circuit Court of Dunklin County, alleging violations of his civil and constitutional rights pursuant to the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. *Barnes v. Winson, et al.*, No. 22DU-CC00074 (35th Jud. Cir., Dunklin County). Plaintiff named as defendants Joshua Winson, Kenny Wilson, and the City of Kennett.

On August 8, 2022, plaintiff filed a second civil action in the Circuit Court of Dunklin County, again asserting violations of the Fourth, Eighth, and Fourteenth Amendments to the

United States Constitution. *Barnes v. Watson*, No. 22DU-CC00075 (35th Jud. Cir., Dunklin County). Plaintiff named Joshua Watson as the sole defendant.

On October 5, 2022, defendants filed a notice of removal in both state cases. Case number 22DU-CC00074 was docketed as the instant action, while case number 22DU-CC00075 was docketed as *Barnes v. Watson*, No. 1:22-cv-129-SRC (E.D. Mo.).

In this case, plaintiff also submitted a motion to quash service of process, and a motion to dismiss. (Docket No. 4; Docket No. 5). The motion to quash service argues that defendant Joshua Winson does not exist, that plaintiff intended to serve Joshua Watson, and that the service and return of service on Winson should therefore be quashed. In the motion to dismiss, defendants argue that because plaintiff has an ongoing state criminal case concerning the same facts and circumstances, the Court should dismiss this action pursuant to the abstention doctrine under *Younger v. Harris*, 401 U.S. 37 (1971).

On October 6, 2022, defendants filed a motion to consolidate under Federal Rule of Civil Procedure 42. (Docket No. 8). In the motion, defendants seek to consolidate this action with case number 1:22-cv-129-SRC. They assert that "both civil cases involve the same incident, the same arrest, the same facts and circumstances, and are alleged to have violated the same civil rights."

**Discussion**

Defendants have removed two of plaintiff's state civil cases to the United States District Court for the Eastern District of Missouri. In this case, they have also filed a motion to quash, a motion to dismiss, and a motion to consolidate. For the reasons discussed below, the motion to consolidate will be granted, and plaintiff ordered to file an amended complaint on a Court-provided form. Additionally, the motion to dismiss and the motion to quash will be denied as moot.

### A. Motion to Consolidate

Defendants have filed a motion to consolidate the instant action with *Barnes v. Watson*, No. 1:22-cv-129-SRC (E.D. Mo.). "If actions before the court involve a common question of law or fact, the court may…consolidate the actions." Fed. R. Civ. P. 42(a)(2). The existence of a common issue of law or fact is "[t]he threshold issue" for determining whether cases should be consolidated. *Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994) (quoting *Seguro de Servicio de Salud v. McAuto Sys. Group*, 878 F.2d 5, 8 (1st Cir. 1989)). Consolidation may occur in order to "avoid unnecessary cost or delay." *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 550 (8th Cir. 1998). On the other hand, consolidation is not appropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *Id.* at 551. The determination as to whether cases should be consolidated is left to the sound discretion of the Court. *See Avon Products, Inc. v. International Union, United Autoworkers of America, AFL-CIO, Local 710*, 386 F.2d 651, 658 (8th Cir. 1967).

Here, as defendants note, there are common issues of law or fact involved in both cases. Specifically, both cases concern an incident in which defendant Watson, a Kennett Police Officer, entered plaintiff's house to arrest him without a warrant. Due to this, plaintiff contends that his constitutional rights under the Fourth, Eighth, and Fourteenth Amendments were violated. As such, the Court finds that consolidation is appropriate. Pursuant to the Court's local rules, when a motion to consolidate is granted, "the consolidated cases shall be reassigned to the judge presiding in the lowest-numbered case." E.D. Mo. L.R. 4.03. Therefore, case number 1:22-cv-129-SRC shall be consolidated into the instant action. The Court will instruct the Clerk of Court to administratively close 1:22-cv-129-SRC, and docket all future filings in this case.

### B. Order to Amend

Because plaintiff initially filed his civil actions in state court, the complaints were not on Court-provided forms, as required. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). In addition, plaintiff has suggested that he may not want to pursue his claims against certain defendants. For these reasons, the Court will direct plaintiff to file a single amended complaint according to the instructions set forth below.

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. If the amended complaint is handwritten, the writing must be legible.

In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed.

Plaintiff should put his case number in the appropriate location on the upper right-hand section of the first page. He should then fill out the complaint form in its entirety, and ensure that it is signed.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

In structuring his amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain

4

statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

The Court will give plaintiff thirty days in which to submit his amended complaint. Failure to comply with this order will result in the dismissal of this action without prejudice and without further notice.

### C. Motion to Quash and Motion to Dismiss

Defendants have filed a motion to quash, and a motion to dismiss. (Docket No. 4: Docket No. 5). The motions will be denied as moot as plaintiff is being ordered to file an amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to consolidate (Docket No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that *Barnes v. Watson*, No. 1:22-cv-129-SRC (E.D. Mo.) is consolidated into *Barnes v. Winson, et al.*, No. 1:22-cv-128-JAR (E.D. Mo.) for all remaining

proceedings. All future documents shall be filed in *Barnes v. Winson, et al.*, No. 1:22-cv-128-JAR (E.D. Mo.).

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that defendants' motion to quash (Docket No. 4) and motion to dismiss (Docket No. 5) are **DENIED AS MOOT** as plaintiff is being ordered to file an amended complaint.

**IT IS FURTHER ORDERED** that *Barnes v. Watson*, No. 1:22-cv-129-SRC (E.D. Mo.) shall be **ADMINISTRATIVELY CLOSED** with the filing of this **ORDER**.

**IT IS FURTHER ORDERED** that a copy of this Memorandum and Order shall be docketed in *Barnes v. Watson*, No. 1:22-cv-129-SRC (E.D. Mo.).

Dated this 30th day of November, 2022.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE