# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| BERNARD KIRK BARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-00128-JAR |
| ) | |
| JOSHUA WINSON, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on its own motion. On November 30, 2022, the Court ordered plaintiff to file an amended complaint on a Court-provided form. (Docket No. 14). He was given thirty days in which to comply. More than thirty days have elapsed, and plaintiff has not responded. Therefore, for the reasons discussed below, the Court will order plaintiff to show cause as to why this case should not be dismissed.

### Background

Plaintiff Bernard Kirk Barnes is a self-represented litigant who is currently incarcerated at the Dunklin County Justice Center in Kennett, Missouri. On July 15, 2022, he filed a civil action in the Circuit Court of Dunklin County, alleging violations of his civil and constitutional rights pursuant to the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. *Barnes v. Winson, et al.*, No. 22DU-CC00074 (35th Jud. Cir., Dunklin County). Plaintiff named Joshua Winson, Kenny Wilson, and the City of Kennett as defendants.

On August 8, 2022, plaintiff filed a second civil action in the Circuit Court of Dunklin County, again asserting violations of the Fourth, Eighth, and Fourteenth Amendments to the

United States Constitution. *Barnes v. Watson*, No. 22DU-CC00075 (35th Jud. Cir., Dunklin County). Plaintiff named Joshua Watson as the sole defendant.

On October 5, 2022, defendants filed a notice of removal in both state cases. Case number 22DU-CC00074 was docketed as the instant action, while case number 22DU-CC00075 was docketed as *Barnes v. Watson*, No. 1:22-cv-129-SRC (E.D. Mo.).

In this case, defendants also submitted a motion to quash service of process, and a motion to dismiss. (Docket No. 4; Docket No. 5). The motion to quash service argued that defendant Joshua Winson does not exist, that plaintiff intended to serve Joshua Watson, and that the service and return of service on Winson should therefore be quashed. In the motion to dismiss, defendants argued that because plaintiff has an ongoing state criminal case concerning the same facts and circumstances, the Court should dismiss this action pursuant to the abstention doctrine under *Younger v. Harris*, 401 U.S. 37 (1971).

On October 6, 2022, defendants filed a motion to consolidate under Federal Rule of Civil Procedure 42. (Docket No. 8). In the motion, defendants sought to consolidate this action with case number 1:22-cv-129-SRC. They asserted that "both civil cases involve the same incident, the same arrest, the same facts and circumstances, and are alleged to have violated the same civil rights."

On October 25, 2022, the Court advised plaintiff that any response or consent to defendants' motion to consolidate should be filed on or before November 7, 2022. (Docket No. 9). Plaintiff timely responded on November 3, 2022, and did not object to the consolidation motion. (Docket No. 11).

On November 30, 2022, the Court granted defendants' motion to consolidate, finding that there were common issues of law or fact involved in both of plaintiff's cases. (Docket No. 14). As

a result of the Court's order, *Barnes v. Watson*, No. 1:22-cv-129-SRC (E.D. Mo.) was consolidated into the instant action, and administratively closed.

In addition, the Court noted that because plaintiff's complaints were originally filed in state court, they were not on Court-provided forms, as required. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). Plaintiff had also indicated that he might not want to pursue his claims against certain defendants. For these reasons, the Court ordered plaintiff to file an amended complaint on a Court form, and provided instructions on how to do so. The Clerk of Court was directed to send plaintiff a copy of the Court's prisoner civil rights complaint form to aid his compliance. Plaintiff was given thirty days in which to comply, and advised that his failure to comply would result in the dismissal of this action without prejudice and without further notice. Since plaintiff was being ordered to file an amended complaint, the Court denied defendants' pending motions to quash and to dismiss as moot.

## Discussion

Even though he is a self-represented litigant, plaintiff must still comply with the Court's orders and with the Federal Rules of Civil Procedure. *See Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure"). Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). This rule applies to self-represented litigants. *See Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (noting that self-represented "litigants are not excused from compliance with substantive and procedural law"). Furthermore, the Court may dismiss an action under Rule 41(b) on its own motion. *Id*. (stating that

the "district court has the power under Fed. R. Civ. P. 41(b) to dismiss an action for the plaintiff's failure to comply with any court order," and that "[a] court may so dismiss on its own initiative"). *See also Haley v. Kansas City Star*, 761 F.2d 489, 490 (8th Cir. 1985) ("A district court may, on its own motion, dismiss an action for failure of the plaintiff to comply with any order of the court").

In this case, as set forth above, plaintiff was ordered to file an amended complaint on a Court form on November 30, 2022. He was given thirty days to comply. The amended complaint was due on or before December 30, 2022. The deadline for plaintiff to file his amended complaint has expired. Indeed, the Court has given him more than thirty days in which to comply. Despite being given additional time, plaintiff has not submitted an amended complaint, nor has he sought an extension of time in which to amend. The case is therefore subject to dismissal. However, rather than dismissing outright, the Court will order plaintiff to show cause in writing and within **twenty-one (21) days** as to why this case should not be dismissed for failure to comply with the Court's previous order to submit an amended complaint. Plaintiff's failure to respond within **twenty-one (21) days** of the date of this order will result in the dismissal of this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's November 30, 2022 order (Docket No. 14).

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff is directed to show cause in writing and within **twenty-one (21) days** of the date of this order as to why this case should not be dismissed for plaintiff's failure to comply with the Court's order of November 30, 2022.

4

**IT IS FURTHER ORDERED** that if plaintiff fails to submit a written show cause response within **twenty-one (21) days** of the date of this order, this action will be dismissed without prejudice and without further notice.

Dated this 18th day of January, 2023.

　　　　　　　　　　　　　　　　　　　　　　　_/s/ John A. Ross_
　　　　　　　　　　　　　　　　　　　　　　　**JOHN A. ROSS**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**